UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARVIN LOPEZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-cv-11877-LTS |
| CITY OF SOMERVILLE, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTIONS FOR RECONSIDERATION

October 31, 2018

SOROKIN, J.

On June 21, 2018, the Court allowed the Motion for Summary Judgment filed by the City of Somerville and various individual defendants (collectively "Somerville"), Doc. No. 35, with respect to Counts II–XI, and denied the Motion with respect to Count I. Doc. No. 55. Now pending before the Court are two motions.

Plaintiffs Marvin Lopez, Cecilia Lopez, and Marvin Lopez, Sr. moved for reconsideration of the summary judgment entered against them on Counts V, VI and VII, Doc. No. 77, which Somerville opposed, Doc. No. 81. The Court has carefully reviewed the briefing, including the materials cited in support of the motion, some of which were not part of the original summary judgment record. The Court DENIES Plaintiffs' motion for reconsideration, Doc. No. 77, for the reasons explained in the Court's prior order, Doc. No. 55.

Somerville moved for reconsideration of the denial of summary judgment with respect to Count I, Doc. No. 61, which Plaintiffs opposed, Doc. No. 78. The Court denied Somerville's

1

summary judgment motion as to one narrow theory supporting Plaintiffs' Title IX claim—that Lopez suffered ongoing "name-calling and taunting" throughout his time at Somerville High School; that the school's athletic director, a person in a position of authority, knew of the harassment; and that, despite the school's initial response to Lopez's assault, no further measures were taken upon realization of the ongoing harassment, thus permitting a reasonable inference of interference with Lopez's education. Doc. No. 55 at 14–15. Somerville points out that this particular theory was not squarely presented by the initial summary judgment papers, Doc. No. 80 at 2, which counsel also mentioned at the June 18, 2018, motion hearing, and now moves for reconsideration based on a fuller and more detailed analysis of the summary judgment record relating to this theory, as augmented by additional deposition pages cited herein.

After a careful review of the record, the Court is persuaded that it erred in denying the motion for summary judgment as to the narrow theory described above. Viewing the record in the light most favorable to Plaintiffs (as the Court must, did, and does, Doc. No. 55 at 9–10), the evidence establishes that the Defendant undertook repeated and ongoing efforts to respond to the name-calling and taunting, thus defeating an inference of deliberate indifference. Specifically, the Court notes the following. The record describes two specific incidents of taunting. Coach Arias described an incident at an away game at Everett at which people in the stands screamed taunts about broomsticks. Doc. No. 43-15 at 5–6. Headmaster Otieri described an incident at an away game at Medford involving taunts from the stands with actual broomsticks, after which, the headmaster was aware, the host school responded by removing the responsible persons from the area.[1] Doc. No. 61-2 at 3–4. Lopez was not present for the Medford incident. Doc. No. 37-2 at

---

[1] Although Coach Arias stated that there was only one incident of taunting with broomsticks, Doc. No. 43-15 at 5–6, the Court assumes for summary judgment purposes that the Everett

2

23. Athletic Director Viele knew about ongoing taunting and name-calling because of reports from Coach Scarpelli and other staff. Doc. No. 43-3 at 7. Scarpelli responded to each instance of taunting and name-calling, including by speaking with other teams' coaches, which he reported to Viele, who spoke with the athletic association and other schools' athletic directors. Doc. No. 43-3 at 7. Finally, a "field administrator" who understood the situation was present at every game to protect Lopez and others from harassment. Doc. No. 37-2 at 23, Doc. No. 61-4 at 3.

The test for liability is "not one of effectiveness by hindsight," Porto v. Town of Tewksbury, 488 F.3d 67, 74 (1st Cir. 2007), but deliberate indifference. Accordingly, after due consideration, the Court ALLOWS Somerville's motion for reconsideration, Doc. No. 61, because Plaintiffs have failed to meet their burden to submit evidence sustaining a finding of deliberate indifference.

The Clerk shall enter judgment in favor of Defendants on all claims with each side to bear its own fees and costs.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

incident described by Coach Arias and the Medford incident described by Headmaster Otieri were two separate incidents because of their different locations.